On the Merits.
The opinion of the court was delivered by
Spencer, J.
.John Clark died intestate in February, 1877, leaving, first, Mrs. Reilly and Mrs. Woelper, children of his first marriage; second, Pamelia Clark, of age, and William and Elizabeth, minors, children, of his second marriage; third, Mrs. Catherine Clark, his third wife and widow surviving him. ' .
His estate was inventoried at $77,820 28, of which $7550 92 was cash in bank, and $8580 the appraised value of premium bonds.
There is evidence in the record tending to show that the debts of the estate amount to $10,047 64; but a large portion of these seem of doubtful legality. It seems to be established, if not admitted, that there are debts to the amount of near $5000.
After Clark’s death, the widow and one Meadowcroft, tutor of the minors, and Pamelia, applied jointly for administration.- Mrs. Reilly opposed on various grounds, and claimed the appointment herself. Her opposition was sustained, and she appointed by decree signed April 23, 1877. On April 12, 1877, Pamelia Clark filed a suit for partition, making all parties in interest defendants. Default was taken on this petition, and experts appointed, who reported for. a partition by licitation. The tutor of the minors answered, joining in the prayer for partition. The widow pleaded that it was premature until the estate had been administered.
*806 ’ On May 7,1877, Mrs. Reilly and Mrs. Woelper answered, and joined in' the prayer for partition. Mrs. Reilly seems to have abandoned her right to administer, and did not qualify under her appointment.
' On May 4,1877, Pamelia Clark, by ex parte motion, and on alleging that more than ten days had elapsed since Mrs. Reilly’s appointment, etc., caused herself to be appointed administratrix. Mrs. Reilly and Mrs. Woelper took rule to vacate this order, because Miss Clark had sued for partition, and because the debts were small, and an administration' unnecessary, and uselessly expensive. The court rescinded the order appointing Miss Clark, who seems not to have appealed.
■ On May 25, 1877, Pamelia again made application for letters of administration; was Opposed by Mrs. Reilly and Mrs. Woelper, on the ground that the estate was large, the debts small, and administration unnecessary; that the heirs demanding partition have accepted unconditionally the succession; that the above named order rescinding her previous appointment was res adjudicata on the question of administration, vel non. That, if there was necessity for administration, Mrs. Reilly should be appointed. The court sustained this opposition, and dismissed the application. From this order one branch of the appeal-before us is taken.
In the proceeding for partition there was judgment decreeing it, and from that decree appeal is taken by Pamelia, Mrs. Clark, and the tutor.
Pending her application for administration, Pamelia Clark- obtained an .ex parte order, without notice, appointing her provisional administratrix, on a bond of $20,000. Mrs. Reilly and Mrs. Woelper, on motion, caused this order of appointment to be set aside, and from that decree appeal is taken, also.
Í. We think the court properly revoked the appointment of Pamelia Clark as “provisional administratrix.” It is an office not now known to our law; and whilst it may be, and doubtless is true, that, in the discretion of the judge, some such appointment, for the preservation of the property of an estate, might be made, pending a contest before him, he certainly would have the right of revocation at his discretion, also. 'But under such an appointment the appointee would be rather a guardian or keeper than an administrator — who can not be appointed, in any form, without giving bond as required by law. When the,office of “ provisional administrator ” was known to our law, he could only be appointed on giving bond as any other administrator. Besides, the duration of the appointment of such a guardian would necessarily be short, for the law requires speedy and summary trial of such questions as contests for administration, aDd does not allow the decree to be suspended by appeal.
*807 2. The rule is that where some of the heirs are beneficiary, and there are debts, and the creditors or heirs of. age demand an administration, it should be ordered. See Soye vs. Price (not yet reported); 4 L. 202; 4 R. 414; 14 A. 641; C. C. 1030, 1042; C. P. 974, 982; 2 A. 465; 3 A. 502; 29 A. 348.
As stated, there is proof in this record, and we do not understand that it is denied, that there are several thousand dollars of debts against this estate. There is in the record a petition, signed by numerous persons claiming to be creditors, demanding an administration. • True, this petition was filed after the trial of the issues herein above stated, but whilst a motion for a new trial was pending, and before judgment .signed. That petition is verified by oath that the parties thereto are creditors, and was, we presume, filed as basis for appeal. Some of these creditors are appellants from the judgments rendered in this case refusing an administration and ordering a partition. However much we may feel disposed to approve the decree of the judge below, we do not feel at liberty, under the facts of this case, to disregard the plain and positive texts of the Code, and the uniform adjudications of the courts. As' there are creditors of the estate demanding an administration, and as there areamong the heirs some minors, who can not be other than bene-. ficiary, we think a partition, if opposed, can not be made until the estate is administered and the debts paid. The proposition of appellee’s counsel, that the minors by consenting tó the decree of partition had unconditionally accepted, is not tenable. Neither the minor himself, nor. -any one for him, can accept in that way. No act of his, or of his tutor, can render him liable as heir pure and simple.
The evidence in this record does not enable us to decide to Which of , the heirs the administration should be confided. We think, as the judge a quo did not pass upon that question, .we should remand the ease as to that.
It is therefore ordered and decreed that the judgment decreeing the partition be reversed and set aside. That the judgment refusing .the appointment of an administrator be also reversed, and that this case be, as to that, remanded, with instructions to the judge a quo to proceed to the appointment of an administrator,- according to law. That the judg- • ment revoking the appointment of Pamelia Clark as provisional admin- •, istratrix be affirmed. That two thirds of the costs of appeal be borne . by appellees, and one third by appellants; those of the cour-t b.elow-to be borne .by the succession. . . ......